LOLLEY, J.
It The Louisiana Department of Public Safety and Corrections, Office of Motor Vehicles (“OMV” or “State”) appeals a ruling of the 42nd Judicial District Court, Parish of DeSoto, State of Louisiana, that granted Vernon Jobe’s request to prohibit the OMV from denying him a commercial *218 driver’s license with hazardous material endorsement. For the following reasons, we affirm.
Facts
Jobe worked as a commercial truck driver hauling hazardous materials. He was authorized to do so by virtue of his Class A commercial drivers licence (“CDL”) issued by the State with a hazardous material endorsement (“HME”). On December 5, 2008, Jobe was involved in a one-car accident in DeSoto Parish, Louisiana. He was arrested and charged with Operating a Motor Vehicle While Intoxicated, a violation of La. R.S. 14:98 (“DWI”). At the time of his arrest, the police officer seized Jobe’s license. As a result of losing his CDL, Jobe was immediately terminated from his job. The following chronology of events occurred:
March 10, 2009: Jobe requested an administrative hearing in connection with the suspension of his license. Although the record does not contain the reasons why, the administrative law judge determined that Jobe was entitled to a return of his license and recalled the suspension. Jobe applied for a new CDL, which was granted at that time by the OMV;
May 7, 2009: Jobe appeared before the trial court on his DUI charge and entered a plea of nolo contendere. The record is not clear as to Jobe’s original sentence for his DUI conviction, but after his sentencing a motion to amend sentence was filed and the trial court amended Jobe’s sentence to be pursuant to La. C. Cr. P. art. 894;
| ¡.May 25, 2011: After having applied to the Transportation Security Administration to renew his HME, he was cleared for renewal of his HME from the State; June 14, 2011: Jobe received notification from the OMV that as.a result of his conviction for DUI, he was suspended from all driving privileges and disqualification of his CDL for 365 days beginning on July 7, 2011; and
June 27, 2011: Prior to his birthday and expiration of his CDL, Jobe applied for reversal and was denied.
As a result of the OMV’s actions, Jobe filed a rule to show cause under La. R.S. 32:414(F)(4), requesting that the OMV be ordered to show cause why it should not be prohibited from suspending and disqualifying his CDL. After a hearing on the matter, judgment was rendered in Jobe’s favor prohibiting the OMV from suspending his CDL. This appeal by the OMV ensued.
Discussion
On appeal, the OMV argues that the trial court erred in ordering it to reinstate Jobe’s CDL. Pointing to statutory law, the OMV argues that it is legally required to suspend Jobe’s license as a result of his DWI conviction. See La. R.S. 32:414.2(A)(4)(a)(i) and 49 C.F.R. § 383.51. Although the OMV may be technically correct in its interpretation of statutory law, considering the particular facts and circumstances of this case, we conclude that its actions were unreasonable and find no error in the trial court’s judgment.
Although there is no jurisprudence directly on point, the trial court considered the mandate in La. C. Cr. P. art. 874 that a “Sentence shall be imposed without unreasonable delay.” Admittedly, the trial court was not ^considering the imposition of a sentence, and the application of art. 874 was by analogy. However, considering the particular facts of this case, the trial court’s reasoning was sound. Here, we know that Jobe was ultimately sentenced with the benefit of La. C. Cr. P. art. 894, but otherwise the record is silent regarding his sentence for DWI. Whereas the *219 precise sentence assigned to Jobe for his DWI conviction pursuant to La. R.S. 14:98 is unknown, the potential suspension of his license under La. R.S. 32:414.2(A)(4)(a)(i), although not a sentence, clearly served as an additional penalty for his action. Thus, the trial court’s application of La. C. Cr. P. art. 874 by analogy was appropriate as the suspension was clearly akin to the imposition of a sentence, and the trial court properly considered the reasonableness of the delay.
We agree with the trial court that the OMV acted unreasonably in waiting approximately two years after Jobe’s initial criminal sentence to suspend his license. Clearly the State can do better in imposing such a penalty on its citizens (even the law-breaking, criminal ones). Other than . claiming that it was not timely informed of Jobe’s conviction, the OMV offers no good cause as to why it acted so slowly. For this particular sort of crime — DWI—the court system and the OMV work parallel to each other. Even without knowing the precise number of DWI convictions coming through the court system, it is not unreasonable in this age of information to expect the OMV to process such suspensions more quickly — especially where the public safety is concerned. Although Jobe clearly erred and committed a crime that has definite ramifications on a safe and orderly society, as a citizen he also clearly has a right to know in a reasonable |4amount of time what his full punishment will be as a result of his crime. It is not unreasonable for him to expect that his suspension would run simultaneously with the period following his conviction. Waiting almost two years, well past the time for which a timely suspension would have already run, was an unreasonable delay in this particular case, especially considering that Jobe maintained a clean criminal record and complied with the trial court’s dictates under La. C. Cr. P. art. 894. So considering, the trial court did not err in prohibiting the suspension and disqualification of Jobe’s CDL.
Conclusion
For the foregoing reasons, the judgment of the trial court is affirmed. Appeal costs in the amount of $147.00 are assessed against the Louisiana Department of Public Safety and Corrections, Office of Motor Vehicles.
AFFIRMED.
DREW, J., dissents with written reasons.